# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIEL L. JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTY GARRISON, et al., )<br>)<br>Defendants. ) | No. CIV 18-152-RAW-SPS |

## OPINION AND ORDER
## DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel (Dkt. 58). He alleges his incarceration greatly limits his ability to litigate this case, because he has inadequate access to the law library. He further asserts the issues in his case are complex, and appointment of counsel could aid in his ability to negotiate a settlement.

There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). It is not enough "that having counsel appointed would [assist the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court has carefully reviewed the merits of Plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering Plaintiff's ability to present his claims and the complexity of the legal issues

raised by the claims, the Court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

**ACCORDINGLY,** Plaintiff's motion for appointment of counsel (Dkt. 58) is DENIED.

**IT IS SO ORDERED** this 12th day of March 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma