## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DANIEL L. JOHNSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. CIV 18-152-RAW-SPS** |
| | ) | |
| **MARTY GARRISON, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

### <u>OPINION AND ORDER</u>

This civil rights action was dismissed on March 25, 2019 (Dkts. 29, 30), and Plaintiff

appealed to the Tenth Circuit Court of Appeals (Dkt. 31).  The Judgment was affirmed in

part, but reversed with respect to dismissal of the claim against Defendant Marty Garrison

based on Grievance No. 2016-1001-00106-G.  *Johnson v. Garrison*, No. 19-7018, 805 F.

App'x 589 (10th Cir. Mar. 24, 2020) (Dkt. 39).

In response to this Court's Order (Dkt. 42), Defendant Garrison requested that the

Court order a special report in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir.

1978) (Dkt. 43).  The request was granted (Dkt. 47), and a special report was completed and

filed by officials of Davis Correctional Facility (DCF) in Holdenville, Oklahoma (Dkt. 48).[1]

Defendant Garrison also filed an answer to the complaint (Dkt. 49) and a motion for

summary judgment (Dkt. 50).  Plaintiff has filed a response to the motion (Dkt. 52).

Summary judgment is appropriate when "there is no genuine dispute as to any

---

[1] Plaintiff presently is incarcerated at William S. Key Correctional Center in Ft. Supply, Oklahoma.

material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A party opposing a motion for summary judgment, however, may not simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

According to the special report, on March 7, 2016, Plaintiff submitted a grievance that read as follows:

"PREA"[2] A Sexually abusive behavior on 2-16-16 in asist. warden Bonners office I was speaking with A/W Bonner regarding a room move in which A/W Bonner advised me that he couldn't authorize this move. U/M Berry stated to me that I was a Punkchaser indicating that I was trying to get moved to follow a homosexual or something of that nature. This has been an ongoing issue with U/M Berry making references to my sexual orientation. He even went

_____

[2] The Prison Rape Elimination Act of 2003, 42 U.S.C. §§ 15601-15609 (PREA) "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983." *Dale v. Friend*, No. 20-3149-SAC, 2021 WL 308154, at *5 (D. Kan. Jan. 29, 2021) (citations omitted) (unpublished) .

as far as telling his wife Mrs. Berry that Mason (refering to another inmate) was my girlfriend.  I have the right to be safe from sexually abusive behavior, jokes about sex or gender specific trait's while incarcerated.

(Dkt. 48-1 at 4-5) (errors in original).

The DCF Grievance Coordinator forwarded a copy of the grievance to the facility warden, Assistant Wardens Bonner and Yates, and the Chief of Unit Management.  The Grievance Coordinator stated in the accompanying email that Plaintiff had not properly completed the grievance form, therefore, it would be returned for corrections.  *Id*. at 6.

On March 8, 2016, another DCF inmate, Terry Hutton, submitted a grievance on Plaintiff's behalf.  Hutton's grievance stated that on March 8, 2016, Plaintiff refused housing.  Hutton witnessed Case Manager Justin Glaspey go to the holding cell and say to Plaintiff, "[J]ust like you have the right to be a homosexual."  According to Hutton, Case Manager David Worsham was a witness to this incident, but did not intervene.  Hutton further claimed that sexual harassment of inmates was an ongoing problem with staff at DCF. (Dkt. 48-2 at 2).

The Grievance Coordinator advised DCF Investigator Marty Garrison of the March 7, 2016, and March 8, 2016, grievances.  Garrison spoke with the warden, who instructed Garrison to open an investigation into the issue.  Garrison completed an investigative report on April 5, 2016.  (Dkt. 48-2 at 2-3).

Garrison initially spoke with Defendant Unit Manager Antwoin Berry.  Berry stated he and Assistant Warden Bonner met with Plaintiff in Bonner's office.  Berry said he did not

3

call Plaintiff a punk chaser, however, Plaintiff had a history of wanting to be celled with homosexuals.  (Dkt. 48-2 at 2).

Investigator Garrison also spoke with Assistant Warden Bonner about the incident, and Bonner also said that Berry did not call Plaintiff a punk chaser.  According to Bonner, the meeting was held to discuss why Plaintiff was refusing his housing assignment.  *Id.*

On March 10, 2016, Garrison interviewed Inmate Terry Hutton who said Plaintiff told him that Case Manager Glaspey had called Plaintiff a homosexual.  Hutton stated he saw Glaspey talking to Plaintiff when Plaintiff was in the holding cage, but he did not hear what was said.  Hutton said he submitted a grievance because it was not right for Glaspey to say that to Plaintiff, even if Plaintiff is a homosexual.  According to Hutton, Plaintiff was not complaining, and no one had ever said anything similar to Hutton.  Because the staff said it to Plaintiff, however, Hutton did not feel safe at the facility and wanted to be moved.  Hutton was asked to provide a statement, but he refused.  *Id.*

Garrison also interviewed Plaintiff on March 10, 2016.  Plaintiff stated he wrote the grievance about Assistant Warden Bonner and Unit Manager Berry because Berry called Plaintiff a punk chaser.  Plaintiff also said he called the hotline after the incident.  Plaintiff stated he was familiar with the grievance policy, but he did not follow it.  Plaintiff was bothered by Berry's calling him a name, and he complained about the alleged incident when Berry's wife was present.  Plaintiff further stated he did not feel safe at DCF, because Berry had let it be known that Plaintiff is gay.  *Id*. at 2-3.

4

Investigator Garrison stated that after Plaintiff was moved to another unit, there were no additional complaints of the incident alleged against Berry. Garrison concluded that the allegations by Plaintiff and Inmate Hutton were unfounded. Garrison found no evidence that Berry had called Plaintiff a punk chaser, because both Assistant Warden Bonner and Unit Manager Berry denied the allegation. Further, Garrison found no evidence that Case Manager Glaspey called Plaintiff a homosexual. *Id*. at 3.

On April 6, 2016, Plaintiff filed a grievance complaining that Investigator Garrison had not taken his PREA complaint seriously. The action requested on the grievance stated, "That Mr. Garrison have someone objective sit-in to help him do a more ethical and thorough job!" (Dkt. 48-1 at 12). On May 15, 2016, the warden responded to the grievance as follows:

> I/M Johnson requested that Marty Garrison, Facility Investigator, have someone objective sit in to help him do a more ethical job regarding a PREA incident.
>
> After an investigation of the matter by Marty Garrison, Facility Investigator, it was determined that the charges by I/M Johnson regarding a PREA incident were unfounded.
>
> I/M Johnson's request is DENIED.

(Dkt. 48-1 at 8).

On June 7, 2016, the DOC Director's Designee advised Plaintiff that he had exhausted his administrative remedies pursuant to the DOC grievance policy, however, the grievance procedure did not satisfy the exhaustion requirements of the Oklahoma

Governmental Tort Claims Act.

After careful review, the Court finds there is a genuine dispute as to the material fact of whether Defendant Berry and Defendant Glaspey made the offensive statements to Plaintiff. There also is a genuine dispute regarding whether Plaintiff's complaint was taken seriously. The Court further finds, however, that Plaintiff is not entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

> Plaintiff brought this action under 42 U.S.C. § 1983 which reads as follows:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . . .

42 U.S.C. § 1983.

Here, the Court finds Plaintiff has made a generalized "discrimination" claim, however, he has not articulated which of his constitutional rights allegedly was violated. The alleged conduct of calling Plaintiff a punk chaser or a homosexual, if true, is deplorable and unprofessional, but it does not warrant relief. "Even if [an allegation that defendants abused him by bombarding him with foul language, racial slurs, and homosexual epithets] is true it does not warrant relief. Mere use of threatening or abusive language or other verbal harassment by prison officials does not amount to a constitutional violation." *Davis v.*

6

*Seiter*, No. Civ.A. 96-3316-KHV (D. Kan. June 30, 1998) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *Randolph v. Roberts*, No. 93-3553-JWL, 1996 WL 502030 at *4, n. 1 (D. Kan. July 26, 1996)).  *See also De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 691 (E.D. Va. 2010) ("Verbal abuse of inmates by prison officials, without more, does not rise to the level of an Eighth Amendment violation.") (citations omitted).  Further, Plaintiff has failed to demonstrate that the Constitution was violated by Garrison's investigation and report.

Moreover, because there is no private cause of action under the PREA, Plaintiff's claim related to his PREA complaint cannot be raised under section 1983.  *See Haffner v. Geary Cty. Sheriff's Dep't*, No. 18-3247-SAC, 2019 WL 1367662, at * 4 (D. Kan. Mar. 26, 2019) (unpublished) (collecting federal district court cases and concluding that "there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983"). "In order to seek redress through § 1983 . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*."  *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (emphases in original).

Based on the foregoing reasons, the Court finds Plaintiff's allegations related to Grievance No. 2016-1001-00106-G are conclusory and do not rise to the level of a constitutional violation.  The Tenth Circuit Court of Appeals has consistently held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without

a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981), states the following: "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice. *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)."

The Court authorized the commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the Court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** Defendant Marty Garrison's motion for summary judgment (Dkt. 50) is DENIED, and this action is DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Plaintiff's motion for pretrial order (Dkt. 57) is DENIED AS MOOT.

**IT IS SO ORDERED** this 16th day of March 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma